1  Karen Anderson Holmes, (SBN 109520)
   Todd Craig Samuels, (SBN 236854)
2  BALESTRERI, PENDLETON & POTOCKI
   401 B Street, Suite 1470
3  San Diego, CA 92101
   619-686-1930 / FAX: 619-497-1052
4
   Attorneys for Defendant
5  **FINLEY ENGINEERING GROUP, INC.**

FILED
07 DEC -4 PM 4:06
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT FOR

THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN-CLAUDE DEMOSTHENIDY, an individual doing business as INTERACTIVE DESIGN SYSTEMS,<br><br>Plaintiffs,<br><br>vs.<br><br>FINLEY ENGINEERING GROUP, INC., a Florida corporation; DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 07CV 2050WQH (BLM)<br><br>**ANSWER OF DEFENDANT FINLEY ENGINEERING GROUP, INC. TO COMPLAINT OF JEAN-CLAUDE DEMOSTHENIDY DBA INTERACTIVE DESIGN SYSTEMS**<br><br>**Honorable William Q. Hayes**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW defendant, FINLEY ENGINEERING GROUP, INC. ("Defendant"), and answering the unverified Complaint of JEAN-CLAUDE DEMOSTHENIDY, an individual doing business as INTERACTIVE DESIGN SYSTEMS ("Plaintiff") on file herein, for itself and itself alone, admits, denies and alleges as follows:

1.  In response to Paragraph 1 of the Complaint, Defendant admits Plaintiff is an individual doing business as Interactive Design Systems, but is without knowledge or information as to the location of Plaintiff's office and principal place of business.

2.  In response to Paragraph 2 of the Complaint, Defendant admits that it is a Florida corporation with its principal place of business at 1589 Metropolitan Boulevard, Tallahassee, Florida 32308.

3. In response to Paragraph 3 of the Complaint, Defendant is without knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

4. In response to Paragraph 4 of the Complaint, Defendant is without knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

5. In response to Paragraph 5 of the Complaint, Defendant is without knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

6. In response to Paragraph 6 of the Complaint, Defendant admits that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

7. In response to Paragraph 7 of the Complaint, Defendant admits that it has and does conduct business within the state of California.

8. In response to Paragraph 8 of the Complaint, Defendant admits that venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

9. In response to Paragraph 9 of the Complaint, Defendant admits that Plaintiff develops and licenses engineering analysis software to assist engineers, designers, and builders to construct bridge structures. Defendant further admits that Plaintiff's MC3D Geometry Control Software calculates the segment casting geometry for bridges.

10. In response to Paragraph 10 of the Complaint, Defendant admits that on or about May 26, 2006 it purchased a license from Plaintiff to use the MC3D Software and entered into an agreement for one year of support and maintenance for the MC3D Software. Defendant further admits that the purchase price of the MC3D Software was $2,900 per copy and the one year support and maintenance agreement was $600 per year.

11. In response to Paragraph 11 of the Complaint, Defendant denies each and every allegation contained therein.

12. In response to Paragraph 12 of the Complaint, Defendant denies each and every allegation contained therein. Defendant denies on information and belief that it ever received an end

2

ANSWER OF DEFENDANT FINLEY ENGINEERING GROUP, INC. TO COMPLAINT OF JEAN-CLAUDE DEMOSTHENIDY DBA INTERACTIVE DESIGN SYSTEMS

1  license user agreement.

2      13. In response to Paragraph 13 of the Complaint, Defendant denies each and every
3  allegation contained therein. Defendant denies on information and belief that it ever received an end
4  license user agreement.

5      14. In response to Paragraph 14 of the Complaint, Defendant denies each and every
6  allegation contained therein. Defendant denies on information and belief that it ever received an end
7  license user agreement.

8      15. In response to Paragraph 15 of the Complaint, Defendant denies each and every
9  allegation contained therein. Defendant denies on information and belief that it ever received an end
10 license user agreement.

11     16. In response to Paragraph 16 of the Complaint, Defendant denies each and every
12 allegation contained therein. Defendant denies on information and belief that it ever received an end
13 license user agreement.

14     17. In response to Paragraph 17 of the Complaint, Defendant admits that it ordered and
15 received a second license for the MC3D Software on or about July 12, 2006 and Defendant admits
16 it ordered and received a third license for the MC3D Software for use by Defendant's client Cebus
17 Rimon Industrialized Construction Ltd. ("Cebus Rimon"), on or about August 1, 2006.

18     18. In response to Paragraph 18 of the Complaint, Defendant admits that it contracted
19 with Cebus Rimon to provide engineering services for the design of segmental bridges for the Ein
20 Hakoreh Interchange Project Highway 431 in Israel.

21     19. In response to Paragraph 19 of the Complaint, Defendant denies each and every
22 allegation contained therein.

23     20. In response to Paragraph 20 of the Complaint, Defendant denies each and every
24 allegation contained therein.

25     21. In response to Paragraph 21 of the Complaint, Defendant admits that on or about
26 August 3, 2007, Cebus Rimon sent a letter to Defendant demanding indemnification and
27 compensation by Defendant of any and all damages and losses cause by any breach of the agreement
28 by Defendant.

3

ANSWER OF DEFENDANT FINLEY ENGINEERING GROUP, INC. TO COMPLAINT OF JEAN-CLAUDE DEMOSTHENIDY DBA
INTERACTIVE DESIGN SYSTEMS

22.     In response to Paragraph 22 of the Complaint, Defendant admits that on or about September 13, 2007, Defendant sent a demand letter to Plaintiff claiming that Plaintiff is responsible for damages totaling $257,000, including the $200,000 demanded of Defendant by Cebus Rimon.

23.     In response to Paragraph 23 of the Complaint, Defendant incorporates by reference the prior allegations set forth in Paragraphs 1 through 22 of the Answer.

24.     In response to Paragraph 24 of the Complaint, Defendant denies each and every allegation contained therein.

25.     In response to Paragraph 25 of the Complaint, on information and belief, Defendant denies each and every allegation contained therein.

26.     In response to Paragraph 26 of the Complaint, Defendant denies each and every allegation contained therein.

27.     In response to Paragraph 27 of the Complaint, Defendant denies each and every allegation contained therein.

28.     In response to Paragraph 28 of the Complaint, on information and belief, Defendant denies each and every allegation contained therein.

29.     In response to Paragraph 29 of the Complaint, Defendant incorporates by reference the prior allegations set forth in Paragraphs 1 through 29 of the Answer.

30.     In response to Paragraph 30 of the Complaint, Defendant denies each and every allegation contained therein.

31.     In response to Paragraph 31 of the Complaint, Defendant denies each and every allegation contained therein.

32.     In response to Paragraph 31 of the Complaint, on information and belief, Defendant denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The statements referred to in Plaintiff's complaint are true and accurate in all respects and by such proofs as will be submitted at trial.

////

4

ANSWER OF DEFENDANT FINLEY ENGINEERING GROUP, INC. TO COMPLAINT OF JEAN-CLAUDE DEMOSTHENIDY DBA INTERACTIVE DESIGN SYSTEMS

## SECOND AFFIRMATIVE DEFENSE

The statements referred to in the complaint were published without negligence or recklessness as to any falsehood, or knowledge of any falsehood. The statements are therefore protected by a constitutional privilege.

## THIRD AFFIRMATIVE DEFENSE

Defendant further alleges, by way of affirmative defense, that Plaintiff has failed to allege that the statements were published.

## FOURTH AFFIRMATIVE DEFENSE

The statements referred to in Plaintiff's complaint are opinion and therefore not actionable.

## FIFTH AFFIRMATIVE DEFENSE

The statement referred to in Plaintiff's complaint are privileged and therefore not actionable.

## SIXTH AFFIRMATIVE DEFENSE

Defendant further alleges, by way of affirmative defense, that this action is barred by the 1-year statute of limitations codified by California Code of Civil Procedure §340(3).

## SEVENTH AFFIRMATIVE DEFENSE

This answering Defendant further alleges, by way of affirmative defense, that Plaintiff's unreasonably delayed in filing and serving the unverified Complaint and in notifying this answering Defendant of the alleged damages, all of which are unduly and severely prejudicial to Defendant in their defense of this action, and which bars recovery herein by Plaintiff under the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

This answering Defendant further alleges, by way of affirmative defense, that even if Defendant made said statements, Plaintiff should still be estopped to assert any such claims for trade libel, because Plaintiff was at all times fully apprised of the activities alleged in Plaintiff's complaint. Plaintiff's at no time gave Defendant reason to believe its activities constituted trade libel; and because Defendant did not in fact believe its activities constituted trade libel, and relied on Plaintiff's inaction with knowledge of Defendant's activities in continuing such activities and in making substantial investments in furtherance thereof.

5

ANSWER OF DEFENDANT FINLEY ENGINEERING GROUP, INC. TO COMPLAINT OF JEAN-CLAUDE DEMOSTHENIDY DBA INTERACTIVE DESIGN SYSTEMS

### NINTH AFFIRMATIVE DEFENSE

This answering Defendant further alleges, by way of affirmative defense, that the unverified Complaint on file herein fails to state facts sufficient to constitute a cause of action, or any cause of action, as against this answering defendant

### TENTH AFFIRMATIVE DEFENSE

This answering Defendant further alleges, by way of affirmative defense, that if Plaintiff recovers judgment against them, that the negligence, act, omission and/or breach of contract of others, contributed in an undetermined percentage to the loss, injury, damage and detriment allegedly sustained by Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

This answering Defendant further alleges, by way of affirmative defense, Plaintiff and/or its predecessors failed, refused and neglected to reasonably mitigate damages, which bars or diminishes any recovery herein by Defendant.

### TWELFTH AFFIRMATIVE DEFENSE

This answering Defendant further alleges, by way of affirmative defense, that Plaintiff engaged in conduct and activity sufficient to constitute a waiver of any action alleged in the unverified Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

This answering Defendant further alleges, by way of affirmative defense, that Plaintiff consented to Defendant's conduct.

### FOURTEENTH AFFIRMATIVE DEFENSE

This answering Defendant further alleges, by way of affirmative defense, that the statements referred to in Plaintiff's complaint were fair comment.

## FIFTEENTH AFFIRMATIVE DEFENSE

This answering Defendant further alleges, by way of affirmative defense, that Plaintiff has failed to allege any special damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

This answering Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional and as yet unstated affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates that such defenses a appropriate.

WHEREFORE, this answering Defendant prays for judgment as follows:

1. That Plaintiff take nothing by reason of its Complaint, that judgment be rendered in favor of Defendant;

2. For costs of the suit incurred by Defendant herein; and

3. For such other and further relief as the Court may deem just and proper.

DATED: December 4, 2007           BALESTRERI, PENDLETON & POTOCKI

By: _____
KAREN ANDERSON HOLMES
TODD CRAIG SAMUELS
Attorneys for Defendant
**FINLEY ENGINEERING GROUP, INC.**

ANSWER OF DEFENDANT FINLEY ENGINEERING GROUP, INC. TO COMPLAINT OF JEAN-CLAUDE DEMOSTHENIDY DBA INTERACTIVE DESIGN SYSTEMS

DOC: 30660