```
 1  Karen Anderson Holmes, (SBN 109520)
    Todd Craig Samuels, (SBN 236854)
 2  BALESTRERI, PENDLETON & POTOCKI
    401 B Street, Suite 1470
 3  San Diego, CA  92101
    619-686-1930 / FAX: 619-497-1052
 4
    Attorneys for Defendant
 5  FINLEY ENGINEERING GROUP, INC.
```

FILED

07 DEC -4 PM 4:06

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

                                          DEPUTY

UNITED STATES DISTRICT COURT FOR

THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN-CLAUDE DEMOSTHENIDY, an individual doing business as INTERACTIVE DESIGN SYSTEMS,<br><br>    Plaintiffs,<br><br>vs.<br><br>FINLEY ENGINEERING GROUP, INC., a Florida corporation; DOES 1 through 10, inclusive,<br><br>    Defendants.<br>_____<br><br>FINLEY ENGINEERING GROUP, INC., a Florida corporation,<br><br>    Counterclaimants,<br><br>vs.<br><br>JEAN-CLAUDE DEMOSTHENIDY and LYNNE DEMOSTHENIDY, individuals doing business as INTERACTIVE DESIGN SYSTEMS, ROES 1 through 10, inclusive<br><br>    Counterdefendants.<br>_____ | Case No.: 07CV 2050WQH (BLM)<br><br>**COUNTERCLAIM OF DEFENDANT FINLEY ENGINEERING GROUP, INC. AGAINST JEAN-CLAUDE DEMOSTHENIDY AND LYNNE DEMOSTHENIDY DBA INTERACTIVE DESIGN SYSTEMS**<br><br>**Honorable William Q. Hayes**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant/Counterclaimant, FINLEY ENGINEERING GROUP, INC. ("Finley"), hereby counterclaims against Plaintiff/Counterdefendant JEAN-CLAUDE DEMOSTHENIDY, an individual

1

COUNTERCLAIM OF DEFENDANT FINLEY ENGINEERING GROUP, INC. AGAINST JEAN-CLAUDE DEMOSTHENIDY AND LYNNE DEMOSTHENIDY DBA INTERACTIVE DESIGN SYSTEMS

DOC: 117613

doing business as INTERACTIVE DESIGN SYSTEMS and LYNNE DEMOSTHENIDY, an individual doing business as INTERACTIVE DESIGN SYSTEMS (hereinafter collectively referred to as "Demosthenidy") and alleges as follows:

### PRELIMINARY ALLEGATIONS

1.  Finley is a corporation organized and existing under the laws of the state of Florida, with its principal place of business at 1589 Metropolitan Boulevard, Tallahassee, Florida 32308.

2.  Finley is informed and believes, and upon such information and belief alleges that Demosthenidy are individuals doing business as Interactive Design Systems, having their office and principal place of business at 16885 Via Del Campo Court, Suite 207, San Diego, California 92127.

3.  The true names or capacities, whether individual, corporate, associate or otherwise, of Counterdefendants ROES 1 through 10, inclusive, are unknown to Finley at this time who therefore sues said Counterdefendants by said fictitious names. Finley will seek leave of this Court to amend this Counterclaim to show the true names and capacities when the same have been ascertained.

4.  Finley is informed and believes, and upon such information and belief alleges, that each of the Counterdefendants designated herein as ROES 1 through 10, inclusive, were and are in some manner responsible for the events, happenings, actions, acts and omissions herein alleged, and for any damage alleged by Demosthenidy and/or Cebus Rimon Industrialized Construction Ltd. ("Cebus") for which Demosthenidy and/or Cebus seeks damages from Finley herein.

5.  The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1367(a) because Finley and Demosthenidy are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs and because the counterclaim arises out of the same transaction or occurrence and/or forms part of the same constitutional case or controversy as Demosthenidy's complaint.

6.  Venue is proper in this judicial district under 28 U.S.C. § 1391(a).

### FIRST CAUSE OF ACTION
### (Breach of Contract against Demosthenidy and ROES 1 through 10, inclusive)

7.  Finley hereby incorporates by reference each, every and all allegations of paragraphs 1 through 6 of the preliminary allegations as though fully set forth herein.

2

COUNTERCLAIM OF DEFENDANT FINLEY ENGINEERING GROUP, INC. AGAINST JEAN-CLAUDE DEMOSTHENIDY AND LYNNE DEMOSTHENIDY DBA INTERACTIVE DESIGN SYSTEMS

8. On or about May 26, 2006, Finley entered into a contract with Demosthenidy to purchase a license to use Demosthenidy's MC3D Geometry Control Software ("Software"). On or about July 12, 2006, Finley entered into a second contract with Demosthenidy to purchase a second license for the use of the Software. On or about August 1, 2006, Finley entered into a third contract with Demosthenidy to purchase a third license for the use of the Software by Finley's client, Cebus Rimon Industrialized Construction Ltd. ("Cebus").

9. In exchange for the use of the Software, Finley paid Demosthenidy $2,900.00 per copy, plus $600.00 per year for the one year support and maintenance agreement.

10. Finley also contracted with Cebus to provide engineering services for the design of a segmental bridges for the Ein Hakoreh Interchange Project Highway 431 in Israel ("Bridge"). Finley used the Software it purchased from Demosthenidy to design the Bridge.

11. As a result of defects in the Software, defective casting occurred in a number of bridge segments. This caused added costs, inconvenience, and delay to the ultimate completion of the bridge. After Demosthenidy learned of the defects in the Software and Bridge, Demosthenidy provided Finley with a repair "patch" for the Software. Finley is informed and believes that a similar defect in the Software had occurred on another project resulting in the same repair "patch" being provided.

12. Demosthenidy breached the contracts by providing defective Software that resulted in said defects to the bridge. Cebus has expended an amount not less than $200,000.00 to correct the Bridge. Finley has expended an amount not less than $50,000.00 in remedial costs.

13. Finley has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the contracts entered into with Demosthenidy.

14. As a direct and proximate result of Demosthenidy's breach of the contracts, Finley has suffered damages in the sum to be proven at trial, together with interest at the rate of ten percent (10%) per annum from balance due date, until paid.

## SECOND CAUSE OF ACTION

**(Implied Contractual Indemnity As Demosthenidy and ROES 1 through 10, inclusive)**

15. Finley hereby incorporates by reference each, every and all allegations of paragraphs

COUNTERCLAIM OF DEFENDANT FINLEY ENGINEERING GROUP, INC. AGAINST JEAN-CLAUDE DEMOSTHENIDY AND LYNNE DEMOSTHENIDY DBA INTERACTIVE DESIGN SYSTEMS

1 through 6 of the Preliminary Allegations and paragraphs 7 through 13 of the preceding cause of action as though fully set forth herein.

16. Based on the contractual relationship between Finley and Demosthenidy, Finley is entitled to implied contractual indemnity by Demosthenidy herein for all claims, losses, expenses and damages arising out of this action and the allegations raised by Cebus.

17. By reason of the foregoing, if Demosthenidy and/or Cebus recovers against Finley, then Finley is entitled to implied contractual indemnity from Demosthenidy, and ROES 1 through 10, for injuries and damages sustained by Finley, if any, and for sums paid by way of settlement, or judgment rendered against Finley in any action by Cebus.

### THIRD CAUSE OF ACTION

**(Equitable Indemnity As To Demosthenidy and ROES 1-10, inclusive)**

18. Finley hereby incorporates by reference each, every and all allegations of paragraphs 1 through 6 of the Preliminary Allegations and paragraphs 7 through 16 of the preceding causes of action as though fully set forth herein.

19. Finley herein has denied the allegations of the Complaint and any allegations of Cebus. Without admitting any of the allegations of the Complaint and any allegations of Cebus, if it is found that Finley herein is legally responsible in any manner for any such damage to Demosthenidy or Cebus, then Finley is informed and believes and thereon alleges that such damage was primarily and ultimately caused by the negligent acts and omissions of Demosthenidy herein, and ROES 1 through 10, in doing or failing to do the acts relevant to the design, development, construction, inspection, supervision, coordination, testing, maintenance, management repair and/or observation of the Bridge.

20. By reason of the foregoing, if Demosthenidy or Cebus recover against Finley, then Finley is entitled to equitable indemnity from Demosthenidy, and ROES 1 through 10, for injuries and damages sustained by Cebus, if any, and for sums paid by way of settlement or judgment rendered against Finley.

### FOURTH CAUSE OF ACTION

**(Contribution and Apportionment As To Demosthenidy and ROES 1 through 10, inclusive)**

21. Finley hereby incorporates by reference each, every and all allegations of paragraphs

1 through 6 of the Preliminary Allegations and paragraphs 7 through 19 of the preceding causes of action as though fully set forth herein.

22. In equity and in good conscience, if Demosthenidy or Cebus recover against Finley, then Finley is entitled to apportionment of liability and contribution among and from Demosthenidy, and ROES 1 through 10, according to their respective fault, for the claims, losses and damages allegedly sustained by Cebus, if any, by way of sums paid by settlement or judgment rendered against Finley.

### FIFTH CAUSE OF ACTION

### (Negligence As To Demosthenidy and ROES 1-10, inclusive)

23. Finley hereby incorporates by reference each, every and all allegations of paragraphs 1 through 6 of the Preliminary Allegations and paragraphs 7 through 21 of the preceding causes of action as though fully set forth herein.

24. Finley is informed and believes and thereon alleges that Demosthenidy negligently, carelessly and wrongfully failed to use reasonable care in designing, manufacturing, maintaining, managing, and monitoring the Software which is more fully described in Demosthenidy's Complaint.

25. In the event Cebus prevails by way of sums paid by settlement or judgment rendered against Finley, Finley provisionally alleges that Demosthenidy negligently and carelessly failed to perform its contractual obligations and/or to exercise reasonable care and diligence to avoid loss and to minimize and mitigate damages which could have been prevented by reasonable efforts on the part of Demosthenidy, or by expenditures, efforts and/or control over repairs and maintenance of the Software, which should have been made in the exercise of due care to avoid, prevent, mitigate or eliminate the damages and harm allegedly sustained by Cebus.

26. As a direct and proximate result of the negligence of Demosthenidy as herein alleged, Finley has incurred and continues to incur damages, costs and expenses including, but not limited to, remedial costs, litigation costs, attorneys' fees and consultants' fees to inspect, repair and mitigate damages arising out of said negligent design, construction, repair and maintenance, and to defend against the claims of Cebus.

////

## SIXTH CAUSE OF ACTION

**(Declaratory Relief As To Demosthenidy and ROES 1 through 10, inclusive)**

27. Finley hereby incorporates by reference each, every and all allegations of paragraphs 1 through 6 of the Preliminary Allegations and paragraphs 7 through 25 of the preceding causes of action as though fully set forth herein.

28. Finley is informed and believes and thereon alleges that an actual controversy has arisen and now exists between Finley and Demosthenidy herein as to, *inter alia*, whether Demosthenidy must indemnify Finley herein, whether Finley herein is entitled to equitable indemnity, apportionment and/or contribution, and/or whether Finley is entitled to damages for breach of contract and negligence of Demosthenidy.

29. By reason of the foregoing allegations, an actual controversy has arisen and a real dispute now exists between Finley herein, and Demosthenidy herein, concerning their respective rights and duties herein; a declaration of rights is necessary and appropriate at this time in order that Finley herein may ascertain its rights and duties and because no adequate and expeditious remedy, other than sought herein exists by which the rights of the parties hereto may be determined, and because, if responsibility on the part of Finley herein is determined to be a concurrent proximate cause of the damages allegedly sustained by Cebus, Finley may be burdened with a share disproportionate to its fault, if any, without recourse.

**WHEREFORE**, FINLEY prays for judgment against DEMOSTHENIDY as follows:

1. For compensatory damages against DEMOSTHENIDY, according to proof;

2. For declaration that DEMOSTHENIDY is responsible for any sums awarded to CEBUS, or any of them;

3. For a declaration that DEMOSTHENIDY has a duty to indemnify FINLEY from and against any and all claims, demands, damages, judgments or liabilities of CEBUS, including, but not limited to, litigation costs, contractors' fees, attorneys' fees and consultants' fees reasonably necessary;

4. For a declaration that DEMOSTHENIDY is responsible for and must indemnify and hold

6

COUNTERCLAIM OF DEFENDANT FINLEY ENGINEERING GROUP, INC. AGAINST JEAN-CLAUDE DEMOSTHENIDY AND LYNNE DEMOSTHENIDY DBA INTERACTIVE DESIGN SYSTEMS

harmless FINLEY from and against any and all claims, demands, damages, judgments or liabilities, including, but not limited to, litigation costs, contractors' fees, attorneys' fees and consultants' fees reasonably necessary to this litigation;

5. For a declaration of the amount for which DEMOSTHENIDY is obligated to contribute;

6. For costs of the suit incurred by FINLEY herein; and

7. For such other and further relief as the Court may deem just and proper.

DATED: December 4, 2007          BALESTRERI, PENDLETON & POTOCKI


By:_____
KAREN ANDERSON HOLMES
TODD CRAIG SAMUELS
Attorneys for Defendant
**FINLEY ENGINEERING GROUP, INC.**


## DEMAND FOR JURY TRIAL

Finley hereby demands a jury trial on all issues so triable.

DATED: December 4, 2007          BALESTRERI, PENDLETON & POTOCKI


By:_/s/ Karen A. H_____
KAREN ANDERSON HOLMES
TODD CRAIG SAMUELS
Attorneys for Defendant
**FINLEY ENGINEERING GROUP, INC.**