Jonathan A. Paul (Bar No. CA 216455)
THE TECH LAW GROUP, P.C.
110 West C Street, Suite 2200
San Diego, CA 92101
Telephone: (619) 881-2305
Facsimile:  (619) 696-8795

Attorneys for Plaintiff and Counterdefendants
JEAN-CLAUDE DEMOSTHENIDY
LYNNE DEMOSTHENIDY

UNITED STATES DISTRICT COURT FOR

THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN-CLAUDE DEMOSTHENIDY, an individual doing business as INTERACTIVE DESIGN SYSTEMS,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>FINLEY ENGINEERING GROUP, INC., a Florida corporation; DOES 1 through 10, inclusive,<br><br>　　　　　Defendants.<br>――――――――――――――――<br>FINLEY ENGINEERING GROUP, INC., a Florida corporation,<br><br>　　　　　Counterclaimants,<br><br>　　vs.<br><br>JEAN-CLAUDE DEMOSTHENIDY and LYNNE DEMOSTHENIDY, individuals doing business as INTERACTIVE DESIGN SYSTEMS, ROES 1 through 10, inclusive,<br><br>　　　　　Counterdefendants. | Case No. 07cv2050–WQH (BLM)<br><br>**PLAINTIFF'S REPLY TO COUNTERCLAIM OF DEFENDANT FINLEY ENGINEERING GROUP, INC.**<br><br>The Hon. William Q. Hayes<br><br>**DEMAND FOR JURY TRIAL**<br><br>Action Filed: October 29, 2007 |

**REPLY TO COUNTERCLAIM:**

Plaintiff/Counterdefendants, JEAN-CLAUDE DEMOSTHENIDY and LYNNE DEMOSTHENIDY, individuals doing business as INTERACTIVE DESIGN SYSTEMS (hereinafter collectively referred to as "IDS") as and for their reply to the Counterclaim of Defendant/Counterclaimant, FINLEY ENGINEERING GROUP, INC. (hereinafter referred to as "Finley"), state as follows:

1. In response to Paragraph 1 of the Counterclaim, IDS admits on information and belief that Finley is a Florida corporation, but is without knowledge or information as to the location of Finley's principal place of business.

2. In response to Paragraph 2 of the Counterclaim, IDS admits that they are individuals doing business as Interactive Design Systems, having their office and principal place of business at 16885 Via Camp Court, Suite 207, San Diego, California 92127.

3. In response to Paragraph 3 of the Counterclaim, IDS is without knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph and on that basis denies each and every allegation contained therein.

4. In response to Paragraph 4 of the Counterclaim, IDS is without knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

5. In response to Paragraph 5 of the Counterclaim, IDS admits that the court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C § 1332(a) and 28 U.S.C § 1367(a).

6. In response to Paragraph 6 of the Counterclaim IDS admits that venue is proper in this judicial district under 28 U.S.C. § 1391(a).

7. In response to Paragraph 7 of the Counterclaim IDS incorporates by reference the prior allegations set forth in Paragraphs 1 through 6 of this Reply.

8. In response to Paragraph 8 of the Counterclaim, IDS admits that Finley entered into a contract on or about May 26, 2006 with IDS to purchase a license to use IDS's MC3D Geometry Control Software ("Software") and that on or about July 12, 2006, Finley entered

into a second contract with IDS for purchase of a second license. IDS also admits that Finley entered into a third contract with IDS for the purchase of a third license on or about August 1, 2006 for use of the Software by Finley's client, Cebus Rimon Industrialized Construction Ltd. ("Cebus"). IDS denies any and all remaining allegations in Paragraph 8.

9.  In response to Paragraph 9 of the Counterclaim, IDS admits that the purchase price of the MC3D Software was $2,900 per copy and the one year support and maintenance agreement was $600 per year. IDS denies any and all remaining allegations in Paragraph 9.

10. In response to Paragraph 10 of the Counterclaim, IDS, on information and belief, admits that Finley contracted with Cebus to provide engineering services for the design of segmental bridges for the Ein Hakoreh Interchange Project Highway 431 in Israel. IDS is without knowledge as to any and all remaining allegations in Paragraph 10, and, on that basis, all remaining allegations are denied.

11. In response to Paragraph 11 of the Counterclaim, IDS denies each and every allegation set forth therein.

12. In response to Paragraph 12 of the Counterclaim, IDS denies each and every allegation set forth therein.

13. In response to Paragraph 13 of the Counterclaim, IDS denies each and every allegation set forth therein.

14. In response to Paragraph 14 of the Counterclaim, IDS denies that IDS breached the contracts and also denies, on information and belief, that Finley suffered any damages. All remaining allegations in Paragraph 14 are denied.

15. In response to Paragraph 15 of the Counterclaim, IDS incorporates by reference the prior allegations set forth in Paragraphs 1 through 14 of this Reply.

16. In response to Paragraph 16 of the Counterclaim, IDS denies each and every allegation set forth therein.

17. In response to Paragraph 17 of the Counterclaim, IDS denies each and every allegation stated therein.

//

18. In response to Paragraph 18 of the Counterclaim, IDS incorporates by reference the prior allegations set forth in Paragraphs 1 through 17 of this Reply.

19. In response to Paragraph 19 of the Counterclaim, IDS admits that Finley has denied the allegations of the Complaint but denies any and all remaining allegations in Paragraph 19.

20. In response to Paragraph 20 of the Counterclaim, IDS denies each and every allegation stated therein.

21. In response to Paragraph 21 of the Counterclaim, IDS incorporates by reference the prior allegations set forth in Paragraphs 1 through 20 of this Reply.

22. In response to Paragraph 22 of the Counterclaim, IDS denies each and every allegation stated therein.

23. In response to Paragraph 23 of the Counterclaim, IDS incorporates by reference the prior allegations set forth in Paragraphs 1 through 22 of this Reply.

24. In response to Paragraph 24 of the counterclaim, IDS denies each and every allegation stated therein.

25. In response to Paragraph 25 of the counterclaim, IDS denies each and every allegation stated therein.

26. In response to Paragraph 26 of the Counterclaim, IDS denies all allegations of IDS's alleged negligence and, on information and belief, denies any and all remaining allegations set forth therein.

27. In response to Paragraph 27 of the Counterclaim, IDS incorporates by reference the prior allegations set forth in Paragraphs 1 through 26 of this Reply.

28. In response to Paragraph 28 of the Counterclaim, IDS admits that an actual controversy exists between Finley and IDS but denies each and every remaining allegation contained therein.

29. In response to Paragraph 29 of the counterclaim, on information and belief, IDS denies each and every allegation contained in the said Paragraph for declaratory relief and other remedies.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

IDS alleges, by way of affirmative defense, that the statements referred to in IDS's Complaint on the end user license agreement ("License Agreement") are true and accurate in all respects. As per the License Agreement, IDS is not liable for any damages whatsoever and any and all alleged express and implied warranties were excluded by the License Agreement, course of dealing and/or trade usage.

### SECOND AFFIRMATIVE DEFENSE

IDS alleges, by way of affirmative defense, that the License Agreement included a conspicuous notice under the heading "Warranty", which expressly excluded all express and implied warranties with regard to the Software and all accompanying materials.

### THIRD AFFIRMATIVE DEFENSE

IDS alleges, by way of affirmative defense, that Finley inspected the goods and purchased the Software twice for their own use and purchased the Software for the third time for the use of Finley's client Cebus. By installing and using the Software, IDS alleges that Finley agreed to the terms and conditions of the License Agreement.

### FOURTH AFFIRMATIVE DEFENSE

IDS alleges, by way of an affirmative defense, that the Software was licensed to Finley in an "As Is" condition as per the License Agreement.

### FIFTH AFFIRMATIVE DEFENSE

IDS alleges, by way of affirmative defense, that the contract has been fully performed by it and that Finley's claims are not actionable.

### SIXTH AFFIRMATIVE DEFENSE

IDS alleges, by way of affirmative defense, that there was a tender of performance by IDS and refusal on the part of Finley of the said performance if Finley installed the Software without acknowledging the License Agreement.

//

//

### SEVENTH AFFIRMATIVE DEFENSE

IDS alleges, by way of affirmative defense, that there was a failure of consideration on the part of Finley for all rightful actions carried out by IDS.

### EIGHTH AFFIRMATIVE DEFENSE

IDS alleges, by way of affirmative defense, that the contract was modified by Finley thereby causing any loss to Finley and Finley's client Cebus.

### NINTH AFFIRMATIVE DEFENSE

IDS alleges, by way of affirmative defense, that Finley engaged in conduct and activities sufficient to constitute waiver of any action alleged in the Counterclaim.

### TENTH AFFIRMATIVE DEFENSE

IDS alleges, by way of affirmative defense, that Finley prevented performance of the parties' contract.

### ELEVENTH AFFIRMATIVE DEFENSE

IDS alleges, by way of affirmative defense, that, per the License Agreement, the contract was rescinded because Finley failed to comply with a material term of the agreement. IDS further alleges, by way of affirmative defense, that Finley failed to act in accordance with the contract and Finley's claims for damages and breach of contract are not actionable.

### TWELFTH AFFIRMATIVE DEFENSE

IDS alleges, by way of affirmative defense, that Finley has failed, neglected, and refused to reasonably mitigate any damages allegedly caused, which bars or diminishes any recovery by Finley.

### THIRTEENTH AFFIRMATIVE DEFENSE

IDS alleges, by way of affirmative defense, that Finley has failed to state facts sufficient to constitute a cause of action, or any cause of action, as against IDS.

### FOURTEENTH AFFIRMATIVE DEFENSE

IDS alleges, by way of affirmative defense, that IDS's actions were legally and equitably protected by applicable privileges and business justifications.

### FIFTEENTH AFFIRMATIVE DEFENSE

IDS alleges, by way of affirmative defense, that the right to relief on behalf of Finley is barred by the doctrine of unjust enrichment. Finley would be unjustly enriched if allowed to recover the relief claimed to be due.

### SIXTEENTH AFFIRMATIVE DEFENSE

IDS alleges, by way of affirmative defense, that Finley failed to take any steps to rectify the problem caused to Finley's client Cebus and in turn any alleged damages were solely caused by Finley's own negligence.

### SEVENTEENTH AFFIRMATIVE DEFENSE

IDS alleges, by way of affirmative defense, that the modification and misuse of the Software by Finley was not predicted by IDS and was unforeseeable.

### EIGHTEENTH AFFIRMATIVE DEFENSE

IDS alleges, by way of affirmative defense, that each purported cause of action contained in Finley's Counterclaim is barred, in whole or in part, because Finley's damages, if any, were caused by intervening and/or superseding events beyond the control of IDS and unrelated to IDS's conduct. Any loss, injury, or damage claimed by Finley was proximately caused by Finley's own acts or omissions and events unrelated to IDS's alleged conduct, and/or the acts or omissions of persons or entities other than IDS, over which IDS has no control.

### NINETEENTH AFFIRMATIVE DEFENSE

IDS alleges, by way of affirmative defense, that Finley altered the Software, thereby causing any loss to Finley's client. IDS further alleges that the License Agreement did not permit Finley to make any alteration or reverse engineer the Software.

### TWENTIETH AFFIRMATIVE DEFENSE

IDS alleges, by way of affirmative defense, that negligence on the part of a third party was a superseding cause and Finley's claims against IDS are not actionable.

//
//

### TWENTY-FIRST AFFIRMATIVE DEFENSE

IDS alleges, by way of affirmative defense, that Finley unreasonably delayed in filing the Counterclaim with all alleged damages, all of which were unduly and severely prejudicial to IDS, and that Finley's course of action bars Finley from claiming any recovery under the doctrine of laches.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

IDS alleges, by way of affirmative defense, that Finley's claims are barred, in whole or in part, by the doctrine of estoppel.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

IDS alleges, by way of affirmative defense, that Finley was careless and/or negligent about the matters complained of in the Counterclaim. Said carelessness and/or negligence proximately contributed to any loss or damage complained of in the Counterclaim. Thus, if Finley should recover damages, IDS is entitled to have the amount abated, reduced, or eliminated to the extent that Finley's carelessness and/or negligence caused or contributed to its loss.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

IDS alleges, by way of affirmative defense, that Finley's claims are barred, in whole or in part, because Finley proceeded with full knowledge and/or awareness into the transactions and occurrences that form the bases of its claims as alleged in the Counterclaim.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

IDS alleges, by way of affirmative defense, that Finley, by installing and using the Software, acknowledged that it had read and understood the contents of the License Agreement and was bound by the terms and conditions therein.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

IDS alleges, by way of affirmative defense, that the License Agreement is the complete and exclusive statement of the agreement between IDS and Finley and that Finley assumed responsibility for the selection of the Software to achieve the intended results; the acquisition

and integration of other software and hardware compatible with the Software; and the installation, use, and results obtained from the Software.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

IDS alleges, by way of affirmative defense, that Finley's claims for equitable relief are barred to the extent there is an adequate remedy at law.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

IDS alleges, by way of affirmative defense, that Finley has enjoyed the full benefit of its purchase of the Software and it is thereby barred from making the claims for relief set forth in the Counterclaim.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

IDS alleges, by way of affirmative defense, that Finley's claims are barred, in whole or in part, because IDS is not in privity with Finley's client Cebus.

### THIRTIETH AFFIRMATIVE DEFENSE

IDS alleges, by way of affirmative defense, that it has insufficient information or knowledge upon which to form a belief as to whether it may have any unstated affirmative defenses available and IDS hereby reserves the right to assert additional affirmative defenses in the event discovery indicates such defenses are appropriate. IDS further reserves the right to amend this Reply and/or affirmative defenses accordingly and/or to delete affirmative defenses that it determines are not applicable during the course of subsequent discovery.

### PRAYER

WHEREFORE, IDS prays for judgment as follows:

1. That Finley take nothing from its Counterclaim;

2. That judgment on the Counterclaim, and each cause of action against IDS, be entered in favor of IDS;

3. For an order determining the parties' rights and obligations under the License Agreement;

4. That IDS be awarded its costs incurred herein, including reasonable attorneys' fees; and

5. For such other and further relief as the court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff and Counterdefendants JEAN-CLAUDE DEMOSTHENIDY and LYNNE DEMOSTHENIDY, individuals doing business as INTERACTIVE DESIGN SYSTEMS, request a trial by Jury on all issues so triable.

Respectfully Submitted,

**THE TECH LAW GROUP, P.C.**

Dated: January 11, 2008    By: _____/s/ Jonathan A. Paul*_____
Jonathan A. Paul
Attorneys for Plaintiff and Counterdefendants
**JEAN-CLAUDE DEMOSTHENIDY and LYNNE DEMOSTHENIDY**
110 West C Street, Suite 2200
San Diego, CA 92101

*I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notice of such filing to the following:

Karen Anderson Holmes: kholmes@bpplawcorp.com

Todd Craig Samuels: tsamuels@bpplawcorp.com

**THE TECH LAW GROUP, P.C.**

Dated: January 11, 2008         By: _____/s/ Jonathan A. Paul*_____
                                Jonathan A. Paul
                                Attorneys for Plaintiff and Counterdefendants
                                **JEAN-CLAUDE DEMOSTHENIDY and LYNNE DEMOSTHENIDY**
                                110 West C Street, Suite 2200
                                San Diego, CA 92101

*I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.